UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELENA STURDZA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Misc. No. 02-0435 (RJL) |
| ) | |
| UNITED ARAB EMIRATES, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This matter is before the Court on plaintiff's application to proceed *in forma pauperis* and her *pro se* complaint. The application will be granted, and the complaint will be dismissed.

Plaintiff brings this action against Szymkowicz & Associates and against two individuals who "acted as the [United Arab Emirates'] representatives and personally negotiated [a] contract for architectural services with plaintiff" between June 1994 and May 1997.[1] Compl. at 4 (page number designated by the Court). Generally, plaintiff

---

[1] The caption of the complaint lists the following additional defendants: the United Arab Emirates, Angelos Demetriou & Associates, Angelos Demetriou, Nathan Lewin, Alyza Doba Lewin, the firm of Lewin & Lewin, David Shapiro, the law firm of Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, Mark Lane, John C. LaPrade, and Frazier Walton, Jr. Compl. at 1-2 (caption). The complaint itself sets forth no factual allegations pertaining to them. Apparently plaintiff attempts to overcome this pleading deficiency by

alleges that defendant John T. Szymkowicz "intimidate[d] and discriminated against [plaintiff] causing the loss of contract and further copyright infringement by the other defendants." *Id.* In addition, she alleges that defendant Mohammed Mattar "misled both plaintiff and the United Arab Emirates, causing the breach of contract and also farther [sic] copyright infringement by the other defendants." *Id.* Plaintiff purports to bring claims of trade secret misappropriation, theft, copyright infringement, conversion, conspiracy, fraud, tortious interference with contract, and breach of contract, as well as civil rights claims, under federal and District of Columbia law. *See id.* at 2. She demands no particular relief; rather, she indicates that "[a]ll counts and judgment demands will be revised" in the future. *Id.* at 5.

      Generally, a plaintiff is expected to "present in one suit all the claims for relief that [she] may have arising out of the same transaction or occurrence." *U.S. Indus., Inc. v. Blake Const. Co., Inc.*, 765 F.2d 195, 205 (D.C. Cir. 1985) (citation omitted). The doctrine of res judicata provides that "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action," *Montana v. United States*, 440 U.S. 147, 153 (1979), on "any ground for relief which [the parties] already have had an opportunity to litigate[,] even if they chose not to exploit that opportunity[,]" and regardless of the soundness of the earlier judgment, *Hardison v. Alexander*, 655 F.2d

---

incorporating by reference the factual allegations of a complaint filed in a separate case filed by plaintiff against the United Arab Emirates and others in August 1998. *See Sturdza v. United Arab Emirates*, Civ. No. 98-2051 (HHK) (D.D.C. filed Aug. 26, 1998).

1281, 1288 (D.C. Cir. 1981). "[A] subsequent lawsuit will be barred if there has been prior litigation (1) involving the same claims or cause of action, (2) between the same parties or their privies, and (3) there has been a final, valid judgment on the merits, (4) by a court of competent jurisdiction." *Smalls v. United States*, 471 F.3d 186, 192 (D.C. Cir. 2006) (citations omitted) Among other things, the doctrine is designed to promote judicial economy by preventing needless litigation. *See Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979) (citation omitted).

The allegations of the instant complaint are substantially similar to those set forth in another civil action filed by plaintiff in this court. *See Sturdza v. Szymkowicz & Assoc.*, Civ. No. 01-2274 (JDB) (D.D.C. Oct. 30, 2001) (Complaint). There, plaintiff alleged breach of contract, conversion, copyright infringement, fraud, intentional infliction of emotional distress, theft, tortious interference with contract, trade secret appropriation, violations of 42 U.S.C. §§ 1983, 1985 and 1986, and violations of the District of Columbia Human Rights Act against defendants Szymkowicz & Assoc., John T. Szymkowicz, and Mohammed Mattar. *See id.* The Court dismissed the action with prejudice because all of plaintiff's claims were barred by the applicable statutes of limitation. *See Sturdza v. Szymkowicz & Assoc.*, Civ. No. 01-2274 (JDB) (D.D.C. July 8, 2002) (Memorandum Opinion and Dismissal Order). That decision was a final decision on the merits for purposes of res judicata, and it bars not only the claims plaintiff brought in that case but also any related claims stemming from the same nucleus of facts.

Furthermore, that decision was the basis for the dismissal of yet another lawsuit against the same defendants. *See Sturdza v. United Arab Emirates*, Civ. No. 08-1642 (HHK) (D.D.C. Sept. 30, 2009) (Memorandum Opinion and Order).

Review of this Court's docket shows that plaintiff previously has raised, or had the opportunity to raise, the same claims against the same defendants, and that a court of competent jurisdiction rendered a final judgment on the merits of those claims. Accordingly, the Court will dismiss this action with prejudice because all of plaintiff's claims are barred under res judicata. *See Gullo v. Veterans Coop. Hous. Ass'n*, 269 F.2d 517 (D.C. Cir. 1959) (per curiam) (affirming dismissal under *res judicata* where district court took judicial notice of previous case).

An Order consistent with this Memorandum is issued separately on this same date.

/s/ Richard J. Leon
RICHARD J. LEON
United States District Judge

DATE:
1/11/10