UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

ELENA STURDZA
ELENA STURDZA ARCHITECT
6705 Tomlinson Terrace
Cabin John, Maryland 20818,
    *Plaintiff,*
Vs.                                    Misc. Number: **02-0435 (RJL)**
THE GOVERNMENT OF THE
UNITED ARAB EMIRATES, et al,
    *Defendants*


MOTION FOR RECONSIDERATION OF COURT'S DISMISSAL ORDER OF 01.11.10

    Plaintiff Sturdza, pursuant to Rules 59(e) and 60(a)(b) of the federal Rules of Civil Procedure, submits this *Motion for Reconsideration of Court's Order of December 18, 2006 Dismissing this Case* within the time prescribed by the rules.

    For the reasons stated in the attached *Memorandum of Points and Authority*, Plaintiff respectfully asks the Court to reconsider and vacate the *Dismissal Order of January 11, 2010*, to grant the *Motion for Substitution of Party Defendant* and to order the commencement of the discovery period and trial by jury under its rules.


Respectfully submitted,                                    January 25, 2010

*[signature]*

Elena Sturdza
ELENA STURDZA ARCHITECT
6705 Tomlinson Terrace
Cabin John, Maryland 20818

Tel: 301-320 4345                                    PRO SE

**RECEIVED**
JAN 28 2010
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

ELENA STURDZA
ELENA STURDZA ARCHITECT
6705 Tomlinson Terrace
Cabin John, Maryland 20818,
    *Plaintiff,*

Vs.                                                                 Misc. Number: **02-0435 (RJL)**

THE GOVERNMENT OF THE
UNITED ARAB EMIRATES, et al,
    *Defendants*

MEMORANDUM OF POINTS AND AUTHORITY
IN SUPPORT OF ITS MOTION FOR RECONSIDERATION OF
COURT'S DISMISSAL ORDER OF 01.11.10

INTRODUCTION

Plaintiff Sturdza respectfully asks the Court to reconsider its order of January 11, 2010 because the main defendant is committing outrageous acts against Plaintiff Sturdza as we speak, and therefore this case cannot be dismissed under *res judicata*. Sturdza could not have had the opportunity to raise the same claims against the same defendants and the Court could not have ruled previously on facts that are taking place in the present or will take place in the future.

FACTUAL HISTORY

Around **September 2001** Plaintiff Sturdza realized that Mr. Lewin was working against her interests.

On **June 11, 2002** Plaintiff Sturdza has dismissed her Counsel of Record and has entered Pro Se representation in all Courts handling her original case.

2

On **August 20, 2002** Plaintiff Sturdza filed Pro Se the *Complaint* with the *Application to Proceed in Forma Pauperis*. The Court promptly **denied** her *Application.*

On **August 31, 2002**, Plaintiff Sturdza filed a *Motion for Reconsideration of the Application to Proceed in Forma Pauperis,* and, on **October 10, 2002**, the Court **denied** it.

On **October 31, 2002**, Plaintiff Sturdza filed a *Second Motion for Reconsideration of the Application to Proceed in Forma Pauperis* and on **November 12, 2002**, she filed an *Addendum to Second Motion...* On **February 10, 2003**, the Court **denied** her *Second Motion for Reconsideration.*

On **March 3, 2003**, Plaintiff Sturdza filed a *Third Motion for Reconsideration of the Application to Proceed in Forma Pauperis* and, as of **Ianuary 5, 2007**, the Court **has not ruled on it.**

Since **March 3, 2003**, Plaintiff Sturdza was awaiting for the Court to rule on her last outstanding motion and to her knowledge, the Court had not issued any order whatsoever until **January 4, 2007** when she received the *Order* **of December 18, 2006** filed on December 20, 2006.

On **May 8, 2006**, Plaintiff Sturdza's *Application to Proceed in Forma Pauperis* was granted by this Court, by Judge Henry H. Kennedy who is presiding over the related Case 98-cv-02051 listed in the Complaint in this case. Since her last motion filed was still standing, Plaintiff Sturdza was awaiting to be permitted to proceed in forma pauperis in this case too. Instead, to her stupefaction, on **January 4, 2007** she received the *Order of December.18, 2006,* filed on December.20, 2006, **dismissing the case.**

On **January 11, 2010** her third *Motion for Reconsideration of the Application to Proceed in Forma Pauperis* was **granted**, but the *Complaint* was **dismissed** under *res judicata.*

3

## ARGUMENT

### THE COURT'S OWN ACTIONS FORCED PLAINTIFF TO FILE SEPARATE LAW SUITES

### Case Number: 98-cv-02051 (CKK)

**Cause of action: Sturdza's Design used to build the Chancery of UAE in Washington DC**

Plaintiff Sturdza filed the original case, 98-02051(CKK), after learning that the UAE and Demetriou have stolen her Competition winning design. After the case was dismissed in 1999 before she could obtain discovery due to the actions of her former lawyers, Sturdza hired Mr. Lewin to represent her in the Appeal.

### U.S. Court of Appeals for the D C: Case Number: 00-7279

When, in 2001, she realized Mr. Lewin was not communicating with her about her own case, Sturdza asked him to correct the misleading Brief he filed.

After many months of repeated requests, which produced only affidavits full of untrue allegations, Sturdza decided that she should correct the Brief herself, and fired Mr. Lewin. He immediately began libeling her in order to persuade the Court to appoint a Guardian ad Litem for Sturdza. The Guardian would then appoint the fired Mr. Lewin back to the case to represent the incompetent in this case but otherwise very competent Sturdza. The Guardian issue was remanded to the District Court and the case was, and still is held in abeyance until further notice by the Court. Because her case was held in abeyance Sturdza decided to file a separate case against UAE's lawyers and later, she filed one against her former lawyers.

### Case Number 01-cv-2274 (JDB)

### *Res Judicata* Does Not Apply

### Cause of action: same as in first case, but the

### Defendants: New

She filed ELENA STURDZA vs. SZYMKOWICZ @ ASSOCIATES, JOHN T. SZYMKOWICZ, and MOHAMMED MATTAR, in this Court, Case Number 01-cv-2274 (JDB), against UAE's lawyers, and

### Misc. Number: 02-mc-0435 (RJL)

### *Res Judicata* Does Not Apply
### Except Maybe for Szymkowicz @ Associates,
### John T. Szymkowicz, and Mohammed Mattar

### Cause of action: New
### Breach of Contract, Errors and Omissions, Misconduct, Sabotage, Libeling

### Defendants: New

ELENA STURDZA vs. THE GOVERNMENT OF THE UNITED ARAB EMIRATES, et al, Misc. Number: **02-mc-0435 (RJL)** against her former lawyers. This was her first opportunity to bring charges against these defendants, and had to be a separate case since the original case was held in abeyance, therefore **the case cannot be dismissed**.

Any citizen who has good reasons to believe that someone has committed acts causing damages to him or to her has the right to file and serve a Complaint against that or those persons.

Sturdza's charges against Mr. Lewin and her other former lawyers, the defendants in this case are valid, and relief can be sought against all claims.

### The main defendant: Mr. Lewin

When Mr. Lewin refused to correct the Brief Sturdza tried to correct it by herself, but the Court denied her the leave to file since she is represented by attorney. Sturdza had no choice but fire Mr. Lewin and enter Pro Se representation in order to correct the Brief. But, it seems that Lewin cannot be fired by an unhappy and harmed client, because he filed a *Motion for Appointment of Guardian ad Litem* although there is no law to support the appointment of a guardian to a competent person. Again, Sturdza had no choice but file this case.

Since this case was filed, Mr. Lewin has committed outrageous acts of libeling against Sturdza as well as years of postponement and sabotaging of the original case. Using his professional "verbal virtuosity" he has persuaded the judge to illegally appoint a Guardian ad Litem for that case only, pretending that Sturdza is "a client with diminished capacity" in relation to that case only, and saying that otherwise she is competent. A Guardian ad Litem can be legally appointed only to incompetent persons.

Sturdza has filed an Appeal, and the case is pending.

The appointment of the Guardian took seven years since a law needed to be changed and still the appointment in this case is illegal. Thus Mr. Lewin hijacked the case seven years ago. That is why Sturdza had to file a Complaint against him in a separate case.

This escalation of acts committed by Lewin, causing serious damages and injuries to Sturdza calls for an amendment of the Complaint in this case. As soon as she finishes a pleading in that case Sturdza will file an Amended Complaint excluding Defendants Szymkowicz @ Associates, John T. Szymkowicz, and Mohammed Mattar.

### Case Number: 08-cv-01642 (HHK)

### *Res Judicata* Does Not Apply

**Cause of action: New**
**Sturdza's Design used to build the Chancery of Morocco in Washington DC**

**Defendants: New**

Morrison, the main defendant who committed the act is new, not present in any other suit. Morrison was Demetriou's employee working on the UAE Chancery stolen design. Morrison, used Sturdza's design, that same competition winning design, to produce the construction drawings for the Chancery of Morocco.

This suit is **not based on the same cause of action** with the other suits, and **does not depend on their outcome. It is based on a new cause of action, a third copyright infringement by a new defendant.**

Defendants UAE, Szymkowicz, Mattar and Demetriou made Sturdza's design available to Morrison, and Sturdza's former lawyers did not request discovery, thus failed to represent their client's interest, which helped Morrison commit the third infringement of her design.

### Case Number: 09-cv-0699 (UNA)

### *Res Judicata* Does Not Apply

**Cause of action: New**
**Sturdza's Design used to build the UAE Embassy in Berlin**

**Defendants: New**
**Different UAE representatives, different architect**

The UAE Representatives in Berlin, Germany have used Sturdza's design for the Chancery of UAE in Washington DC to build the UAE Embassy in Berlin. The architect is unknown to Sturdza.

CONCLUSION

**Complaint Filed Promptly After Cause Of Action Is Identified**

As soon as Sturdza realized there is a cause of action, she took the first opportunity and filed the complaint. Sturdza previously did not raise and could not have the opportunity to raise the same claims against the same defendants because she learned about the new claims she had against Mr. Lewin and her former lawyers more than one year after the case against UAE's lawyers was filed and while the original case was held in abeyance.

**Different Cause of Action, Different Defendants**

Both the cause of action and the defendants are different in Case Number: **02-mc-0435 (RJL); therefore it cannot be dismissed under *res judicata*.** The cause of action in the original case is copyright infringement of Surdza's design, and in this case it is lawyer's misconduct. The defendants in that case are UAE and Demetriou, in this case are Mr. Lewin and the other former plaintiff's lawyers.

Plaintiff Sturdza respectfully requests that the Court reconsiders and vacates the *Dismissal Order* of *January 11, 2010*, grants the *Motion for Substitution of Party Defendant* and orders the commencement of the discovery period and trial by jury under its rules.

Respectfully submitted, January 25, 2010

Elena Sturdza, RA
ELENA STURDZA ARCHITECT
6705 Tomlinson Terrace
Cabin John, Maryland 20818

Tel: 301-320 4345                                                                          PRO SE

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

ELENA STURDZA,
6705 Tomlinson Terrace
Cabin John, Maryland 20818,

                           *Plaintiff,*

Vs.                                              Case Number: **02-mc-0435 (RJL)**

UNITED ARAB EMIRATES Government, et al,
                           *Defendants.*


ORDER GRANTING
MOTION FOR RECONSIDERATION OF COURT'S
DISMISSAL ORDER of 01.11.10 and
MOTION FOR SUBSTITUTION OF PARTY DEFENDANT


Upon consideration of Plaintiff's *Motion for Reconsideration of Court's Dismissal Order Of 01.11.10,* it is hereby

ORDERED that the foregoing *Motion* be GRANTED, and it is

FURTHER ORDERED that the *Dismissal Order of 01.11.10* be VACATED, and it is

FURTHER ORDERED that the *Motion for Substitution of Party Defendant* be GRANTED, and

Vasilios C. Demetriou, the duly appointed Personal Representative of the Estate of Angelos C. Demetriou is substituted as party defendant for Angelos C. Demetriou and Angelos Demetriou and Associates.

SO ORDERED

_____                            _____
Date                                                       RICHARD J. LEON
                                                        United States District Judge

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th. day of January 2010, a copy of the foregoing motion was mailed by first class, postage prepaid to:

| | |
|---|---|
| John A. King, Esq.<br>KING & ATTRIDGE<br>39 West Montgomery Ave.<br>Rockvile, MD 20850 | Anthony Herman<br>Ron Dove<br>COVINGTON & BURLING<br>1201 Pennsylvania Avenue, NW<br>Washington, DC 20004-7566 |
| Hamilton Loeb, Esq.<br>PAUL, HASTINGS,<br>JANOFSKY & WALKER LLP<br>875 15th. Street, NW<br>Washington, DC 20005 | MINTZ, LEVIN, COHN, FERRIS,<br>GLOVSKY & POPEO, P.C.<br>701 Pennsylvania Avenue, NW<br>Washington, DC 20004 |
| Thomas Brownell<br>ROBERTS AND BROWNELL<br>8381 Old Courthouse Rd.<br>Vienna, VA 22182<br>Phone:   (703) 356-7700 | David T. Shapiro<br>MINTZ, LEVIN, COHN, FERRIS,<br>GLOVSKY & POPEO, P.C.<br>701 Pennsylvania Avenue, NW<br>Washington, DC 20004, |
| MARK LANE<br>105 Second Street, NE<br>Washington, DC 20002, | Nathan Lewin<br>Alyza D. Lewin<br>LEWIN & LEWIN<br>1828 L Street, NW, Suite 901<br>Washington, DC 20036 |
| STEVEN TEPPLER<br>10414 Ewell Avenue<br>Kensington, MD 20895 | |
| JOHN C. LAPRADE<br>2653 Woodley Road, NW<br>Washington, DC 20008 | |
| FRAZIER WALTON, Jr.<br>920 Burns Street, SE<br>Washington, DC 20019 | _____<br>Elena Sturdza |